# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MARICLAR V. OSORIO,
  Appellant,

v.

DEPARTMENT OF VETERANS AFFAIRS,
  Agency.

DOCKET NUMBER
SF-1221-19-0313-W-1

DATE: January 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda W. Smith, North Las Vegas, Nevada, for the appellant.

Theodore M. Miller, Seattle, Washington, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Upon our review of the procedural history of the appeal, we find that adjudicatory efficiency is the appropriate basis for dismissing the appeal. For the reasons stated below, we VACATE the initial decision and DISMISS the appeal based on adjudicatory efficiency.

## BACKGROUND

The appellant is employed as a nurse with the Veterans Health Administration, Clinical Practices Clinic Base in Las Vegas, Nevada. *Osorio v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-19-0120-W-1, Initial Appeal File (0120 IAF), Tab 9 at 10. She filed a complaint with the Office of Special Counsel (OSC) alleging in her initial and subsequent submissions that the agency had retaliated against her for making protected disclosures and engaging in protected activity. 0120 IAF, Tab 3 at 47-51, 57, 61-72. In a letter dated September 10, 2018, OSC informed the appellant that it made its final determination to close her complaint. 0120 IAF, Tab 13 at 17. At that time, OSC did not inform the appellant of her Board appeal rights.

On November 27, 2018, the appellant filed an IRA appeal with the Board. 0120 IAF, Tab 1. After affording the parties the opportunity to submit evidence and argument, the administrative judge dismissed the appeal as untimely filed by 13 days in a March 12, 2019 initial decision. 0120 IAF Tab 17, Initial Decision.

The appellant timely filed a petition for review of the initial decision. 0120 Petition for Review (PFR) File, Tab 1.  In subsequent submissions, the appellant filed new correspondence from OSC indicating that her case was reopened to provide her with appeal rights on March 15, 2019, and closed on March 18, 2019, which she asserted restarted the statutory filing period to seek corrective action.  0120 PFR File, Tabs 2, 5.

Thereafter, the appellant filed the instant IRA appeal with the Board on March 21, 2019.  *Osorio v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-19-0313-W-1, Initial Appeal File (0313 IAF), Tab 1.  After the agency moved to dismiss the appeal as untimely filed, the administrative judge ordered the appellant to file evidence and argument regarding the timeliness issue, and the appellant responded.  0313 IAF, Tab 8, 23, 25.  The administrative judge dismissed the appeal as untimely filed by 127 days in a January 8, 2020 initial decision.  0313 IAF, Tab 26, Initial Decision (0313 ID).  In so finding, the administrative judge determined that the filing period began on September 10, 2018, when OSC terminated its investigation, not on March 18, 2019, when OSC issued a new close-out letter after briefly reopening the appellant's case.  0313 ID at 8.  He observed that the Board has never held that a new statutory filing period is triggered when, as here, OSC reopens a case to provide an appellant with appeal rights.  0313 ID at 7.

The appellant has filed a petition for review of the initial decision.  *Osorio v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-19-0313-W-1, Petition for Review (0313 PFR) File, Tab 1.  The agency has filed a response. 0313 PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Here, the appellant filed the instant appeal pursuant to the March 18, 2019 OSC close-out letter she received after the March 12, 2019 initial decision was issued.  When an appellant files an appeal that raises claims raised in a prior

appeal after the initial decision in the prior appeal has been issued, but before the Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 5 (2013). In other words, the Board will dismiss an appeal based on adjudicatory efficiency where an identity of issues exists and the controlling issues in the appeal will be determined in a prior appeal. *Id.*

Because OSC reopened and closed the appellant's case for the singular purpose of providing her with appeal rights, the prior and instant appeals concern the same alleged protected disclosures and same alleged personnel actions. We find that both appeals share an identity of issues and that the controlling issues in the instant appeal will also be determined in the prior appeal. Thus, we vacate the initial decision and dismiss the appeal based on adjudicatory efficiency. As for the appellant's arguments regarding her alleged protected disclosures and alleged personnel actions, 0313 PFR File, Tab 1 at 7-19, they are better directed to the prior appeal than to this one.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Jennifer Everling*

_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.